IN THE UNITED STATES DISTRICT
FOR THE WESTERN DISTRICT OF KENTUCKY
BOWLING GREEN DIVISION

| | | |
|---|---|---|
| MYLES MINOR, | : | |
| | : | CASE NO.  1:22-CV-92-GNS |
| Plaintiff | : | |
| | : | STATE COURT CASE NO. 22-CI-00600 |
| | : | |
| v. | : | JUDGE _____ |
| GREYHOUND LINES, INC. | : | |
| | : | **DEFENDANT'S NOTICE OF** |
| | : | **REMOVAL** |
| Defendant. | : | |

Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Greyhound Inc. ("Defendant") — the sole defendant in this action — by and through its undersigned counsel, hereby files its Notice of Removal of this action from the Warren County Circuit Court, to the United States District Court for the Western District of Kentucky.  The grounds for removal are as follows:

1. On June 2, 2022, Plaintiff Myles Minor ("Plaintiff") commenced an action against Defendant in the Warren County Circuit Court in a case captioned *Myles Minor vs. Greyhound Lines, Inc.*, Warren Circuit Court Case No. 22-CI-600. (hereinafter, "the State Court Action").

2. Attached hereto as Exhibit A are true and correct copies of the Complaint, Docket, the Summonses, and all documents that have been tendered to the Warren Circuit Court in the State Court Action.

3. All pleadings in the State Court Action have been attached to this removal.

4. There is only one Defendant in this action.

**TIMELY REMOVAL**

5. On June 7, 2022, Plaintiff served a Summons and a copy of the Complaint on Defendant. The date of services is reflected on the Docket, which is attached hereto as Exhibit A.

4855-3600-2092.1   1

6. This Notice of Removal is being filed within thirty (30) days after the case became removable. Specifically, the amount in controversy was not apparent in Plaintiff's Complaint. Plaintiff likewise has not yet responded to discovery requests, and the amount sought is unknown at this time. However, Plaintiff alleged he suffered "catastrophic injuries" in his Motion to Amend, attached hereto as Exhibit A, which presumably meets the amount in controversy requirement. This Motion was filed on July 7, 2022. The Removal is timely.

## JURISDICTION AND VENUE

7. The State Court Action is not a non-removable action as described in 28 U.S.C. § 1445.

8. This Court has jurisdiction under 28 U.S.C. § 1332.

9. Plaintiff is domiciled in Pittsburg, Pennsylvania. (Amended Compl. at ¶ 1).

10. Defendant is a Delaware Corporation with its principal place of business in Dallas, Texas. Defendant is domiciled in Delaware, and Texas. The Defendant's most recent annual report and information available by the Kentucky Secretary of State confirms the foregoing allegation, and is attached hereto as Exhibit B.

11. In his Complaint, Plaintiff alleged injuries as a result of an incident which occurred on October 8, 2021 in Bowling Green, Warren County, Kentucky.

12. Plaintiff seeks recovery for past and future medical expenses, mental and physical pain and suffering, and his loss of ability to lead and enjoy a normal life.

13. The Original Complaint filed on June 2, 2022 did not contain "solid and unambiguous information" that the case was immediately removable, because it did not specify that the amount in controversy exceeded $75,000.00, exclusive of interest and costs. *See Berea vs. Mesa Med. Group, PLLC*, 779 F.3d 352, 364 (6th Cir. 2015). Instead, the Complaint pleads

"the amount in controversy exceeds the minimum amount necessary to establish the jurisdiction of this Court." (Compl. at ¶ 4).

14. Pursuant to 28 U.S.C. § 1446(b)(3), if the amount in controversy does not appear upon the face of the Complaint, the 30-day period will run anew upon the receipt by the Defendant of some subsequently filed pleading or discovery establishing it. *Powell vs. Wal-Mart Stores, Inc.*, 2015 U.S. Dist., citing *Ellis vs. Logan Co.*, 543 F. Supp. 586, 589 (W.D. Ky. 1982) [removal petition was timely filed by the Defendant within 30 days after receipt of Answers to Interrogatories pursuant to § 1446(b)].

15. Defendant has not yet received responses to its First Set of Interrogatories and Requests for Production of Documents. As such, Defendant is unaware of amounts Plaintiff intends to seek at trial.

16. However, on July 7, 2022, Plaintiff served upon Defendant a Motion to Amend his Complaint, which specifically alleged that Plaintiff suffered "catastrophic injuries." Upon receipt of this Motion, the case became removable.

17. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1332(a) because there is complete diversity of citizenship between (a) Plaintiff, a citizen of Pennsylvania; and (b) Defendant Greyhound, a citizen of Texas. Furthermore, the amount in controversy, exclusive of interest and costs, exceeds the requisite sum of $75,000.00. Removal is appropriate as Greyhound seeks removal within thirty (30) days after service of a paper from which it was first ascertained that the case was one that is or has become removable. *See* 28 U.S.C. § 1446(b). Accordingly, this action may be removed to this Court.

18. This Notice of Removal is filed within thirty days of Greyhound's receipt of a copy of an amended pleading, motion, order, or other paper from which it first may be ascertained that

the case is one that is or has become removable. 28 U.S.C. § 1446(b)(3). Therefore, this Notice of Removal is timely and proper. See 28 U.S.C. § 1446(b)(1).

19. Pursuant to 28 U.S.C. § 1446(a), true and correct copies of all process, pleadings, orders, and other papers or exhibits of every kind on file in the state court and known to have been served by, or upon Greyhound, are included in this notice.

20. Venue is proper in the United States District Court for the Western District of Kentucky pursuant to 28 U.S.C. §§ 1391 and 1441(a), because it encompasses the county in which this action is currently pending.

## NOTICE

21. Pursuant to 28 U.S.C. § 1446(d), promptly upon the filing of this Notice, Defendant will serve written notice of removal to the Plaintiff through his counsel and Defendant will file a copy of this Notice of Removal with the Clerk of Court for the Warren Circuit Court. A copy of Defendant's Notice to State Court of Removal of Action to Federal Court is attached hereto as Exhibit C.

WHEREFORE, Defendant hereby removes this action now pending against it in the Warren Circuit Court, to this Honorable Court, and requests that this Court retain jurisdiction for all further proceedings.

Respectfully submitted,

*/s/Bradley S. Fyffe*
Judd R. Uhl (89578)
Bradley S. Fyffe (98055)
LEWIS BRISBOIS BISGAARD & SMITH, LLP
2333 Alexandria Drive
Lexington, Kentucky 40504
(859) 663-9830 / (859) 663-9829
judd.uhl@lewisbrisbois.com
bradley.fyffe@lewisbrisbois.com
*Attorneys for Greyhound, Inc.*

4855-3600-2092.1   4

## CERTIFICATE OF SERVICE

This is to confirm that a copy of the foregoing Notice of Removal was electronically filed on August 1, 2022. Notice of this filing will be sent to all parties by operation of the Court's electronic filing system, and the filing may be accessed through that system.

/s/ *Bradley S. Fyffe*
Judd R. Uhl (89578)
Bradley S. Fyffe (98055)